**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| AOM Group, LLC, et al., | ) | No. CV-10-528-PHX-MHM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Wells Fargo Bank, National Association, et al., | ) | |
| Defendant. | ) | |

Currently pending before the Court are Plaintiff AOM Group LLC, individual and as trustee of the Artco Land Trust, Timoteo Araiza as beneficiary's ("the AOM Group") Emergency Motion for Remand, (Doc. 10), Defendant Michael A. Bosco, Jr's Motion to Dismiss, (Doc. 17), and Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") Motion to Dismiss, (Doc. 22). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

According to the allegations in the Complaint, along with the publicly recorded documents attached to the Complaint, Timoteo Araiza, who is not a party to this lawsuit, was once the owner of the property that is the subject of this litigation. He purchased the property with Corinna Sagarnaga-Araiza as joint tenants in December 2004 and executed a deed of trust to secure a loan on the property. In May 2006, Corinna Sagarnaka-Araiza quitclaimed her interest in the property to Timoteo Araiza. Araiza then refinanced his loan by obtaining

a mortgage from Defendant Wells Fargo. The Wells Fargo Loan was evidenced by a Promissory Note and the Deed of Trust securing it. The recorded Deed of Trust names Timoteo Araiza as Borrower, Wells Fargo as Lender, and First American Title Insurance Company as Trustee. Araiza subsequently deeded the property back to himself and Corinna Sagarnaga-Araiza, as community property with right of survivorship. Araiza thereafter defaulted on the loan.

After Araiza's default, the foreclosure process commenced. In October 2008, Mark S. Bosco (acting by limited power of attorney for Wells Fargo) appointed Defendant Michael A. Bosco, Jr., as successor trustee under the Deed of Trust, and a Trustee's Sale Notice was recorded in accordance with Arizona law. The Trustee's Sale took place as scheduled, but not before AOM Group and its associates had begun their campaign to obstruct foreclosure.[1]

---

[1] The Court notes that this case is but one in a series of lawsuits filed by the AOM Group, who purport to act as trustee for a series of trusts formed by individuals who have defaulted on home loans secured by a Promissory Note and Deed of Trust. See AOM Group, LLC v. Mortgagit, Inc., 2:09-cv-02639-SRB; AOM Group, LLC v. Loancity, 2:10-cv-00088-GMS; AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB; AOM Group, LLC v. DHI Mortgage Company, Ltd. ,2:10-cv-00208-GMS; AOM Group, LLC v. Countrywide Home Loans, Inc., 2:10-cv-00514-GMS; AOM Group, LLC, v. Irwin Mortgage Corp., 2:10-cv-00605-MHM; AOM Group, LLC v. Downey Savings and Loan Association, F.A., 2:10-cv-00830-MHM; AOM Group, LLC v. Fidelity Mortgage Financial, 2:10-cv-00972-DGC; AOM Group, LLC v. DHI Mortgage Company, Ltd., 2:10-cv-01043-JAT. Most of the AOM Group's cases were filed between the months of January and March 2010, and seven out of the nine lawsuits assigned to other Judges in this District have been dismissed. As to the two remaining open cases before other Judges: in AOM Group, LLC v. Countrywide Home Loans, Inc., 10-cv-00514-GMS, Judge Snow has issued an order to show cause why the case should not be dismissed for the AOM Group's failure of to comply with a court order, 10-cv-00514-GMS, Doc. 34, and in AOM Group LLC v. Costal Capital Corp., 2:10-cv-00094-SRB, Judge Bolton dismissed the AOM Group's claims against one of the defendants on res judicata grounds, while also sanctioning the AOM Group and its counsel, Mr. Richard Clark, for asserting claims that were patently frivolous. See 2:10-cv-00094-SRB, Doc. 32. It appears, after reviewing the pleadings in this case and other cases that the AOM Group operates as nothing more than a complex ruse designed to frustrate and delay otherwise lawful non-judicial foreclosures in the State of Arizona.

Despite default under the Deed of Trust, Orlando Sagarnaga, who shares a last name with Araiza's wife, signed and recorded a deed, acting by power of attorney for Araiza, quitclaiming the property to Araiza and purporting to cancel the Deed of Trust. Araiza then entered into a "Declaration of Trust and Land Trust Agreement dated September 24, 2009 known as the Goodyear Land Trust wherein the Trustor Timoteo Araiza appointed the AOM Group, LLC as Trustee." Araiza signed a warranty deed conveying the property to the AOM Group, and became the beneficiary of this trust. On October 6, 2009, non-party Sheila Pilat then executed a notarized Notice of Substitution of Trustee and Deed of Release and Reconveyance purportedly on behalf of Wells Fargo. This document was also executed by one "Orlando Sagarnaga, Trustee." This Notice/Deed purported to appoint the AOM Group, LLC, as successor trustee under the Deed of Trust, and was immediately recorded in the Maricopa County land records.

According to this document, which appears fraudulent, the AOM Group released Araiza from his mortgage obligations and reconveyed the Property to Araiza free of encumbrances. In response to these actions, Defendant Bosco, recorded an Affidavit and Cancellation of Deed of Release and Reconveyance, attesting that the October 6, 2009 release of the lien was fraudulent. Further, Bosco attested that Sheila Pilat was not authorized to act for Wells Fargo, and that Orlando Sagarnaga was never appointed trustee and is not qualified to act as trustee under A.R.S. § 33-803.

The foreclosure sale ultimately proceeded, where one-time Defendant Aggregated Properties, LLC ("Aggregated Properties") purchased the property. On February 2, 2010, Defendant Bosco, acting as Trustee, executed and recorded a Trustee's Deed Upon Sale, conveying the Property to Aggregated Properties. Aggregated Properties thereafter filed a forcible entry and detainer action against Araiza, Maricopa Superior Court No. CV2010-004895. Judgment was entered against Araiza in this action on March 22, 2010. The AOM Group's attempt to intervene in that action was denied. The AOM Group thereafter filed the instant Complaint against Wells Fargo and others in state court on February 8, 2010. Wells Fargo effected removal to this Court on March 8, 2010.

After reviewing the relevant pleadings in this case, the Court is in agreement with Defendants Wells Fargo and Michael A. Bosco, Jr., that Plaintiff AOM Group lacks the requisite standing needed to pursue its claims against all of the Defendants. Because the AOM Group does not possess a cognizable legal interest in the subject matter of the litigation, dismissal of its Complaint is required. Whether a party has standing under Article III of the Constitution is a "threshold jurisdictional question" that a court must decide before it may consider the merits. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 102 (1998). "[S]tanding is an essential and unchanging part of the case-or-controversy requirement of Article III." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). The party seeking jurisdiction bears the burden of establishing standing. Id. at 561. "Since [the elements of standing] are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." Id. Because federal courts are courts of limited jurisdiction, the presumption is that they lack jurisdiction unless the party asserting jurisdiction establishes it. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). At an "irreducible constitutional minimum," standing requires the party asserting the existence of federal court jurisdiction to establish three elements: (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) causation; and (3) a likelihood that a favorable decision will redress the injury. Lujan, 504 U.S. at 560-61. According to the Complaint, the AOM Group had no involvement whatsoever in the lending or refinancing process. Nor is the AOM Group named on the Deed of Trust, Assignment of Deed of Trust, or Substitution of Trustee that were attached to its Amended Complaint. It was Araiza who refinanced the loan for the property in what appears to be his individual capacity, and the allegations in the Complaint all stem from that refinancing, and Araiza is not a party to this lawsuit in that capacity.

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants' Motions to Dismiss. (Doc. 17, 22).

**IT IS FURTHER ORDERED** denying Plaintiff AOM Group LLC, individual and as trustee of the Artco Land Trust, Timoteo Araiza as beneficiary's ("the AOM Group") Emergency Motion for Remand. (Doc. 10).

**IT IS FURTHER ORDERED** denying as moot Defendant Aggregated Properties, LLC's Motion to Dismiss. (Doc. 13.) The Court notes that the Parties have already stipulated to the dismissal of Aggregated Properties with prejudice. (Doc. 35).

**IT IS FURTHER ORDERED** denying as moot the AOM Group's Motion for Leave to File a Sur-Reply. (Doc. 26).

**IT IS FURTHER ORDERED** directing the Clerk to close this case and enter judgment accordingly.

DATED this 25th day of August, 2010.

_____
Mary H. Murguia
United States District Judge